JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3733 PA (JCx) | Date | May 2, 2012 |
|---|---|---|---|
| Title | Kimbeau Marve v. US Bancorp, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed on April 30, 2012 by defendant US Bancorp ("Removing Defendant").  Removing Defendant asserts that this Court has jurisdiction over the action brought against it and defendant Lex Special Assets, LLC ("Lex") by plaintiff Kimbeau Marve ("Plaintiff") based on the Court's diversity jurisdiction.  See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Removing Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  The citizenship of an LLP is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir.

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-3733 PA (JCx) | Date | May 2, 2012 |
|---|---|---|---|
| Title | Kimbeau Marve v. US Bancorp, et al. | | |

1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

      For purposes of establishing the citizenship of Lex, the Notice of Removal alleges that Lex "is, and was at the time of filing of this Action, incorporated under the laws of the state of Delaware . . . with its principal place of business in New York."  (Notice of Removal 3:12-14.).  Removing Defendant has not alleged the citizenship of each of Lex's members.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").  Instead, Removing Defendant appears to be alleging Lex's citizenship as if it were a corporation.  As a result, Removing Defendant's allegations concerning Lex's citizenship are insufficient to invoke this Court's diversity jurisdiction.

      For all of the foregoing reasons, Removing Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction.  Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. GC049173.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.